IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No.  06-06-KAJ |
| RASHAN BAUL, | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

    The defendant, Rashan Baul, through undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing, for use at trial, any and all evidence seized from him or his home and any statements made on December 15, 2005.

    In support of this motion, the defense submits as follows:

    1. On December 15, 2005, Mr. Baul's residence at 1208 Valley Stream Drive was searched by Delaware State Probation and Parole Officers and the Delaware State Police.  The search was not accomplished pursuant to a warrant.  It also was not supported by an exception to the warrant requirement, nor was there probable cause or reasonable suspicion.

    2. A search of where Mr. Baul was living yielded a gun.  Mr. Baul was arrested and subsequently indicted for being a felon in possession, pursuant to 18 U. S. C. § 922 (g) (1) and 924(a)(2).

3. During the search, it is alleged that Mr. Baul made inculpatory statements concerning the weapon.

## ARGUMENT

**I.   The Search and Seizure of Mr. Baul Was Not Supported by a Warrant or by Any Exception to the Warrant Requirement.**

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. [A] search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357).  Where no probable cause and no warrant exist for a subsequent search, suppression of any evidence recovered will be required.  United States v. Roberson, 90 F.3d 75 (3d Cir. 1996);

In cases of a warrantless search, the government bears the burden of establishing that the search comes  within one of the exceptions to the warrant requirement.  Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951).

The search in this case was of a home, which has long been afforded special protections by Fourth Amendment jurisprudence.  Indeed, a warrantless search of a house is per se, unreasonable, Payton v. New York, 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980), and absent exigency or consent, warrantless entry into the home is impermissible under the Fourth Amendment.  Steagald v. United States, 451 U.S. 204, 211, 101 S.Ct. 1642, 1647, 68 L.Ed.2d 38 (1981); United States v. Alfonso, 759 F.2d 728, 742 (9th Cir. 1985).

Here, police and probation officers arrested Mr. Baul and performed a search without a warrant.  The facts developed at the hearing of this matter will reveal that no illegal conduct was

observed on the part of Mr. Baul by law enforcement officers before the arrest and search to justify the search.

Where evidence is seized as a result of an illegal search, then the evidence obtained must be suppressed pursuant to the "fruit of the poisonous tree doctrine." Wong Sun v. United States, 371 U.S. 471 (1963).

**II.    The Statements From Mr. Baul Were Taken in Violation of His Fifth and Sixth Amendment Rights and Without a Knowing and Intelligent Waiver.**

Mr. Baul contends that the statements made after his arrest were not knowing and voluntary, nor made in compliance with Miranda v. Arizona, 384 U.S. 436, 475 (1966). It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights *before* making a statement. Miranda, 384 U.S. 436. "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." Jackson v. Denno, 378 U.S. 368, 380 (1964). Once a defendant challenges the admissibility of a statement, the government bears the burden of proving it has satisfied the rules of Miranda and its progeny. See Miranda, 384 U.S. at 475. Waiver in this context requires the "intentional relinquishment or abandonment of a known right or privilege." Miranda v. Arizona, supra, quoting Johnson v. Zerbst, 304 U. S. 458, 464 (1938). Here, the incriminating statements of Mr. Baul were given absent any reasonable explanation of his Miranda rights.

A statement of a defendant must also be voluntary in order to be admissible at trial. Jackson v. Denno, 378 U. S. 368, 376 (1964)( citations omitted). The coercive circumstances of

Mr. Baul's arrest make the statements given during the search and thereafter, involuntary. Mr. Baul was confronted by numerous armed probation and parole officers and armed police officers without counsel or an adequate presentation of his <u>Miranda</u> rights.

**WHEREFORE**, for the above stated reasons and any other such reasons that shall appear to the Court, the defendant request that the physical evidence and statements obtained be suppressed.

Respectfully submitted,

/s/
Penny Marshall, Esquire
Federal Public Defender
First Federal Plaza
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for Rashan Baul

Dated: April 28, 2006

**CERTIFICATE OF SERVICE**

The undersigned attorney for defendant hereby certifies that a copy of the attached Motion to Suppress Evidence and Statements was filed electronically, is available for public downloading and delivered electronically to:

>Douglas McCann
>Assistant United States Attorney
>P.O. Box 2046
>Wilmington, DE   19899-2046

>/s/
>Penny Marshall, Esquire
>Federal Public Defender
>First Federal Plaza
>704 King Street, Suite 110
>Wilmington, DE   19801
>(302) 573-6010
>Attorney for Rashan Baul

Dated: April 28, 2006

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| 5. | : | Criminal Action No. 06-06-KAJ |
| | : | |
| RASHAN BAUL, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Having considered Defendant's Motion to Suppress Statements and Evidence,

**IT IS HEREBY ORDERED** this _____ day of _____2006, that all evidence and statements be suppressed.

                                                                                                        _____
                                                                                                        Honorable Kent A. Jordan, Judge
                                                                                                        United States District Court

cc:    AUSA Douglas McCann
        FPD Penny Marshall