IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : |
| | : Criminal Action No. 06-06 KAJ |
| | : |
| RASHAN J. BAUL, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and hereby responds to Defendant Rashan J. Baul's Motion to Suppress as follows:

1.     On December 15, 2005, at about 12:30 a.m., members of the Governor's Task Force conducted an administrative search of 1208 Valley Stream Drive, Newark, Delaware, the residence of defendant Rashan Baul. During the search, officers found the firearm that is the subject of the Indictment in this case. In addition, the defendant gave a post-Miranda statement to the officers. The defendant seeks to suppress evidence found during the search, and his statements. The Court has scheduled a hearing on the Motion for Wednesday, October 18, 2006 at 9:30 a.m.

2.     In his Motion, the defendant argues first that his home was searched without a warrant, and was unreasonable. Second, he contends that the statements he made were not knowing and voluntary, and not in compliance with Miranda v. Arizona, 384 U.S. 436 (1966).

Finally, he argues that the statements he made were given in coercive circumstances and not voluntary.

## The Search was Supported by Reasonable Suspicion

3.  The Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. Thus, "[a] probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). "Reasonable" in this context means assessing on the one hand the degree to which a search intrudes on someone's privacy against, on the other hand, the degree to which the search promotes legitimate government interests. United States v. Williams, 417 F.3d 373, 376 (3d Cir. 2005). However, as Griffin noted, "[a] State's operation of a probation system ... presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." Griffin, 483 U.S. at 873-74. Thus, when a probationer or parolee is involved, the balance between privacy and government interest is affected. The probationer's reasonable expectation of privacy decreases, and the government's reasonable need to monitor behavior is increased. Williams, 417 F.3d at 376. In these cases, the standard is "reasonable suspicion." In order to assess whether there was reasonable suspicion, the Court must determine whether, under the totality of the circumstances, the officer had a "particularized and objective basis for suspecting legal wrongdoing." Id.[1]

"Generally, for a suspicion to be reasonable, an officer must be able to articulate specific facts that support the suspicion and thus justify the intrusion." United States v. Grant, 256

---

[1] Also, the Third Circuit has rejected "stalking horse" claims as a viable theory to suppress evidence in this context. See Williams, 417 F.3d at 377-78. A "stalking horse" claim is one where a defendant contends that the probation search took place at the request of and in concert with law enforcement officers. Id. at 377. The Third Circuit held that applicable Supreme Court precedent made inquiries into the official purpose for the search "impermissible." Id. at 377-78.

F.Supp.2d 236, 245 (D.Del. 2003) (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)). "In evaluating whether a particular seizure or search was reasonable, 'it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?'" Grant, 256 F. Supp.2d at 245 (quoting Terry, 392 U.S. at 21-22).

  4. The government anticipates that the following facts, among others, all of which support this Court's denial of the defendant's motion, will be adduced at the upcoming hearing:

  a. Senior Probation Officer James Kelly of the Governor's Task Force received information from the Wilmington Police Department that on December 9, 2005, a car registered to the defendant had been found to contain illegal drugs.

  b. As part of the defendant's conditions of supervision on probation, he had acknowledged in writing that his residence was subject to search.

  c. In addition, the defendant's file indicated that he had violated his probation six times in the preceding six months.

  d. Officer Kelly sought and obtained the approvals from his superior to conduct the search.

  e. Probation Officer Kate Edwards found the firearm concealed in a sock behind a nightstand in the defendant's bedroom.

**The Defendant's Statements Were Not Taken in Violation of Any Constitutional Right**

  5. Where the defendant challenges the validity of a Miranda waiver and the admissibility of subsequent statements, the government bears the burden of proving by a preponderance of the evidence the following: (1) that the defendant was properly advised of his Miranda rights; (2) that the defendant voluntarily, knowingly, and intelligently waived those

rights; and (3) that any subsequent statement was voluntarily made. United States v. Durham, 741 F. Supp. 498, 502, 504 (D.Del.1990); Colorado v. Connelly, 479 U.S. 157, 168-69 (1986).

6.  Whether the defendant's waiver of his Miranda rights is valid should be assessed in light of the "totality of the circumstances surrounding the waiver." United States v. Smith, 679 F. Supp. 410, 412 (D.Del.1988) (citation omitted). When analyzing the totality of the circumstances, this Court "must look at the facts of the particular case, including the background, experience, and conduct of the suspect." United States v. Velasquez, 885 F.2d 1076, 1086 (3d Cir. 1989). Those factors include the defendant's background and his familiarity with the criminal justice system, whether he was informed of his rights, the length and nature of the interview and any accompanying detention, and any deprivation of food or sleep. Durham, 741 F. Supp. at 504-05 (citing Miller v. Fenton, 796 F.2d 598 (3d Cir.1986)). See also United States v. Sriyuth, 98 F.3d 739, 748-49 (3d Cir. 1996).

7.  The Court must consider two factors to determine whether the defendant's waiver was voluntary, knowing and intelligent:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

Durham, 741 F. Supp. at 502 (citation and emphasis omitted).

8.  The government anticipates that the following facts, all of which support this Court's denial of the defendant's motion, will be adduced at the upcoming hearing:

   a.  The defendant was and is a mature adult able to understand English.

   b.  He has had extensive experience in the criminal justice system.

  c. The interview took place in the defendant's home.

  d. Following the discovery of the gun, Corporal Popp of the Delaware State Police informed the defendant that he was under arrest and placed him in handcuffs. Corporal Popp read the defendants his rights pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436, 474 (1966) from a DSP rights card. The defendant acknowledged he understood his rights and indicated he was willing to speak.

  e. Immediately following his acknowledgment of his rights and his waiver of those rights, the defendant stated that he obtained the gun in compensation for a car he sold. He stated that he kept the gun in his bedroom and did not know much about it. He acknowledged that he could not possess a gun. He would not identify the person who provided him with the gun.

8. From the above-described facts and those facts to be proven at the suppression hearing, the government will meet its burden of demonstrating that the search and waiver of rights were lawful. As such, the statements and other evidence should not be suppressed and defendant's Motion should be denied.

9. The government respectfully reserves the right to supplement this Opposition with additional facts and briefing as necessary following the hearing.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: *[signature]*
Douglas E. McCann
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899
(302) 573-6277 x128

Dated: October 16, 2006

## CERTIFICATE OF SERVICE

I, Douglas E. McCann, hereby certify that on October 16 2006, I served the foregoing:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

by CM/ECF on

>Eleni Kousoulis, Esquire
>First Federal Plaza
>704 King Street, Suite 110
>Wilmington, Delaware 19801

>*/s/ Douglas E. McCann*
>Douglas E. McCann